# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Campbell,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Jean Smith, Shamyra McRea, John Britt,<br>and Mr. Sgt. McClinen,<br><br>　　　　　　Defendants. | C.A. No.: 0:08-3668-PMD-PJG<br><br>**ORDER** |

This matter is before the court upon Plaintiff Robert Campbell's ("Plaintiff") motion requesting a transfer from Lieber Correctional Institution ("Lieber"). (Docket Entry 31). On August 24, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Plaintiff's motion to transfer be denied. Petitioner filed an Objection to the R&R on September 2, 2009. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

On October 17, 2008, Plaintiff, a self-represented state prisoner currently housed at Lieber, filed a complaint pursuant 42 U.S.C. § 1983 alleging constitutional violations stemming from an altercation that occurred while Plaintiff was housed at Evans Correctional Institution ("Evans"). On February 10, 2009, Plaintiff wrote a letter to the clerk's office labeled "Clerks Office: (On) Inst. Violation." (Docket Entry 31). In that document, Plaintiff complains that conditions at Lieber are making it hard for him to continue with his § 1983 suit. He claims that he put in a request to review two law books and that he never received the law books. Additionally, Plaintiff claims that "a lot of other stuff is going on here with me that's against

1

SCDC Policy . . . now I have no choice but to ask the Court on Record for help. (transfer) me to another (Inst)." The Magistrate Judge recommended to this Court that Plaintiff's motion to be transferred to another institution be denied, and Plaintiff filed a timely objection.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

The Magistrate Judge interpreted Plaintiff's letter as a motion to transfer and stated that in Plaintiff's "request for a transfer to a different penal institution [he] essentially seeks preliminary injunctive relief." (R&R p. 1). The Magistrate Judge stated that such relief regarding the administration of a state prison should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). In addition, the Fourth Circuit Court of Appeals has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (discussing the complexities of running a penal

institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The Magistrate Judge found that Plaintiff has failed to establish any of the four elements listed above, and the Court agrees. The Magistrate Judge found that Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff complains that he has made requests for law books that he has not yet received, and Plaintiff vaguely alleges that the defendants are violating SCDC policies. According to the Magistrate Judge, Plaintiff has demonstrated "no harm at all, much less irreparable harm." (R&R p. 1-2). The R&R states that Plaintiff has failed to show that the balance of harm tips in his favor and that Plaintiff "cannot justify the public harm that would occur if the court were to usurp prison administrators' decision making regarding prison assignments on such scant assertions." (R&R p. 2). Thus, the Magistrate Judge found Plaintiff's vague and conclusory claims are insufficient to warrant the extraordinary remedy of injunctive relief in the form of a prison transfer. (R&R p. 2).

To the extent Plaintiff seeks a preliminary injunction in the form of a prison transfer before a decision is made on the merits of his § 1983 action, the Court agrees with the Magistrate Judge that Plaintiff has failed to meet the necessary showing for a preliminary injunction. In Plaintiff's objection to the R&R, he does not provide any new grounds to support a preliminary injunction. In his objection, Plaintiff essentially seeks to argue the merits of his underlying § 1983 suit. As this order only rules on Plaintiff's motion to be transferred to another institution

3

before the merits of his suit are decided, the allegations set forth in Plaintiff's objection to the R&R will be addressed by the court when it rules on the merits of Plaintiff's underlying suit. Defendants have filed a motion for summary judgment and Plaintiff has filed a response in opposition to Defendant's motion for summary judgment. Thus, the merits of Plaintiff's § 1983 action will be decided when the court issues an Order on the Defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Plaintiff's motion for a transfer to a different penal institution be **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 28, 2009**
**Charleston, SC**