# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| Robert Campbell, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | C.A. No.: 0:08-3668-PMD |
| v. | ) | |
| | ) | |
| Jean Smith, Shamyra McRae, John Britt, | ) | **ORDER** |
| Mr. Sgt. McClinen; | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Robert Campbell's ("Plaintiff") and Defendants' Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 on October 31, 2008 alleging that the Defendants violated his constitutional rights stemming from an altercation that occurred while Plaintiff was housed at Evans Correctional Institution ("Evans").

On April 24, 2009, Defendants filed a Motion for Summary Judgment. As Plaintiff is proceeding *pro se*, the court advised him on April 27, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), that if he failed to respond to Defendants' motion, a dismissal of his complaint could result. Plaintiff filed a response to the Defendants' motion for summary judgment. The matter was referred to a United States Magistrate Judge, who on February 22, 2010 issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted, and Plaintiff filed timely objections. On March 17, 2010, the Magistrate Judge issued a text order withdrawing the original R&R due to an intervening change in the law based upon the United States Supreme Court Decision of *Wilkins v. Gaddy,* 130 S. Ct. 1175 (Feb. 22, 2010). On March 19, 2010, the Magistrate Judge issued an amended R&R

1

recommending that Defendants' motion for summary judgment be granted in part in denied in part. Plaintiff and Defendants have filed timely objections.

Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

This matter arises out of an altercation between Plaintiff and a female prison guard, Defendant Smith ("Smith") that occurred on June 25, 2009. At approximately 3:00 pm that day, Smith, who was overseeing Inmate Campbell's dorm, called out for the inmates with a special diet to form a line and proceed to the cafeteria. (Smith Aff., Pl. Compl.) Pursuant to a standing order and instructions that had repeatedly been provided to the inmates, only those inmates with special dietary needs were to move toward the doorway out of the dorm. (Smith Aff.) The remaining inmates were required to remain in the doorway to their individual cells. (Id.) Plaintiff, who was not a "diet line" inmate, opted to leave his cell doorway and walk to the doorway leading out of the dorm. (Smith Aff., Pl. Compl.) Smith responded by giving Plaintiff, who allegedly had been disobeying mealtime rules throughout the week, a direct order to return to his cell door. (Id.) Plaintiff never made it back to his cell door and instead argued with Smith over the manner in which she spoke to him. (Id.)

Smith next called for all handicapped inmates to leave for the cafeteria, and Plaintiff again attempted to leave the dorm, even though he was not a handicapped prisoner. (Smith Aff.) Smith called for assistance on her radio and ordered Plaintiff to return to his cell door. (Smith Aff., Pl. Compl.)

At this point Smith and Plaintiff's version of events begin to differ. Plaintiff claims that he began to move away from the door leaving the dorm, but remained in Smith's vicinity while he continued to argue with Smith. (Pl. Compl.) Plaintiff claims that Smith then informed him that if he failed to move away, she would "gas" him, to which Plaintiff responded with a verbal threat. (Id.) Plaintiff claims that Smith responded to this threat by spraying him with mace. (Id.) Plaintiff admits that he continued to ignore Smith's directives to return to his cell door and instead walked to the water fountain to wash off his face. (Id.) Then, according to Plaintiff, Smith sprayed him a second time, to which Plaintiff responded by attempting to exit the dorm again and still against Smith's orders. (Id.)

Plaintiff claims that when he made his third attempt to leave the dorm against Smith's direct orders, Smith attempted to restrain him, hurting his hand as he fought back against Smith's restraint attempts. (Id.) At some point during that episode, Smith stepped back in front of Plaintiff and sprayed him in another attempt to keep him inside the dorm. (Id.) According to Plaintiff, Smith sprayed Plaintiff a total of five times before he reached up and took the gas canister out of Smith's hands and walked outside the dorm with it. (Id.) At that point another Correctional Officer arrived and Plaintiff claims that he gave the mace can to that officer and was handcuffed. (Id.) Plaintiff claims that after he was handcuffed, Smith hit him "real hard" in the face. (Id.) According to Plaintiff, officers eventually took him to SMU holding cell, where he stayed for two days without a shower. (Id.) Plaintiff claims that when he eventually saw a nurse, the nurse could not see him because Plaintiff had so much gas on me that "she could not stand it herself." (Id.) Eventually Plaintiff was seen by the nurse and treated for a swollen face and hand. (Id.)

Smith's statements of the facts differ in the following ways. According to Smith, when she gave Plaintiff the second order to return to his cell door, Plaintiff walked to the water fountain and made a scene, yelling at one point, "Somebody needs to put that bitch in her place!" (Smith Aff.) Plaintiff then turned toward Smith, and Smith warned Plaintiff that if he came near her, she would use her chemical munitions. (Id.) Then, according to Smith, Plaintiff ignored this warning, approached Smith, and slapped her on the left side of her face. (Id.) Smith responded by spraying Plaintiff in an effort to stop his advance. (Id.) According to Smith, the chemical spray did not deter Plaintiff and Plaintiff continued to attack Smith, striking her and causing her to fall. (Id.) Smith claims that she was alone during this whole incident and continued to try and protect herself but that Plaintiff forced her outside of the facility, pushing and striking her along the way. (Id.) At some point during this altercation, Smith claims that out of fear that her life was in danger she began striking back at Plaintiff in self defense. (Id.) Once they were outside the facility, Smith claims that the chemical spray slipped from her hand and that Plaintiff retrieved the canister and sprayed Smith. (Id.) At this point, Smith claims that she went into self defense mode and does not recall when assistance arrived or how Plaintiff was separated from her. (Id.)

Plaintiff also names as defendants Shamyra McRae, John Britt, and Sgt. McClinen, other corrections officers at Evans. Specifically, Plaintiff alleges that Defendants McRae and Britt conspired against him on behalf of Smith to charge him with the disciplinary infraction. McRae and Britt provided written incident reports that were used at Plaintiff's disciplinary hearing. Plaintiff's sole allegation against Defendant McClinen is that he restrained Plaintiff while Smith hit Campbell in the face.

# STANDARD OF REVIEW

### A.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

### B.     Magistrate Judge's R&R

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

**ANALYSIS**

The Magistrate Judge found that Plaintiff's claim that the incident described above constitutes excessive force is a claim under the Eighth Amendment to the United States Constitution, which attaches after conviction and sentence and protects prisoners from the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; s*ee Graham v. Connor*, 490 U.S. 386, 392 (1989). Undeniably, the "unnecessary and wanton infliction of pain," constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992); *Whitley v. Albers,* 475 U.S. 312, 319 (1986); *Ingraham v. Wright,* 430 U.S. 651, 670 (1977).

To determine whether a prison official has violated the Eighth Amendment, courts must analyze both subjective and objective components. *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Specifically, this analysis requires "inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). "What is necessary to establish an unnecessary and wanton infliction of pain" with regard to each component "varies according to the nature of the alleged constitutional violation." *Hudson,* 503 U.S. at 5 (internal quotation marks omitted).

In an excessive force case, a claimant must meet a heavy burden to satisfy the subjective component of the claim; specifically, he must prove that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley,* 475 U.S. at 320-21; *see also Wilkins v. Gaddy,* 130 S.Ct. 1175 (2010). The objective component of an excessive force claim is not nearly as demanding, however, because "[w]hen prison officials maliciously and sadistically use force to

6

cause harm' . . . 'contemporary standards of decency are always violated . . . whether or not significant injury is evidence. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.'" *Wilkins v. Gaddy,* 130 S.Ct. 1175 (quoting *Hudson,* 503 U.S. at 7).

The Supreme Court has directed that several factors should be balanced in determining whether prison officials acted maliciously and sadistically. These factors include (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. *Whitley,* 475 U.S. at 321.

Under the law as discussed above, the Magistrate Judge found that Plaintiff has failed to establish an excessive force claim as it pertains to Smith's use of mace; however, the Magistrate Judge found that there are material questions of fact that preclude summary judgment as to Plaintiff's claim of excessive force and any state law claims for assault and battery stemming from the alleged actions taken by Defendants Smith and McClinen after Plaintiff was handcuffed and restrained. Specifically, as to Plaintiff's claim that Defendant Smith's use of mace constitutes excessive force. The Magistrate Judge found that even viewing the facts in the light most favorable to Plaintiff, because Plaintiff failed to follow commands and persisted in his disobedience after Smith warned and sprayed him with mace, "no reasonable jury could find that Smith's use of mace was not a good faith effort to restore and maintain prison discipline but rather was used maliciously and sadistically to cause physical harm." R&R, pp. 5-6. Therefore, the Magistrate Judge found that "defendants' motion for summary judgment must therefore be

granted regarding [Plaintiff's] excessive force claim as it pertains to the use of mace." However, the Magistrate Judge found that there is a genuine issue of material fact with regard to the alleged actions taken after Plaintiff was handcuffed and restrained. The Magistrate Judge found that if a jury were to believe that Smith hit Plaintiff after he was handcuffed while Defendant McClinen restrained him, that it could reasonably find that Defendants Smith and McClinen acted maliciously and sadistically to cause harm to Plaintiff. R&R p. 6. Therefore, with regard to the actions taken after Plaintiff was handcuffed, the Magistrate Judge found that there are credibility determinations that are not appropriate for resolution on summary judgment. Id.

Finally, the Magistrate Judge found that Plaintiff's claim based on his disciplinary conviction must fail because "he has not had his disciplinary conviction reversed, expunged, or invalidated by a writ of habeas corpus and any claim for damages resulting from his disciplinary conviction would be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Id.

Neither Plaintiff nor Defendants object to the Magistrate Judge's recommendation to grant summary judgment as to Plaintiff's claim for damages from his disciplinary conviction. Therefore, after reviewing the entire record, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order with respect to Plaintiff's disciplinary conviction claim.

Plaintiff's objection to the R&R is that the Magistrate Judge incorrectly stated what Plaintiff claims to be the facts of the incident. The Court has reviewed Plaintiff's factual allegations and incorporated the appropriate changes under the "Background" section of this order above. Additionally, the Plaintiff claims in his "Motion to Alter and Amend Magistrate

8

Judge Paige J. Gossett['s] Report and Recommendation" that the court should amend its finding of fact and that the Court should not adopt the facts as outlined in McRae's incident report because it is not the truth. Again, the Court has reviewed the facts as alleged by both Plaintiff and Defendants and has made the appropriate corrections as to what Plaintiff claims to be the facts and has incorporated those corrections above.

Defendants have also filed objections to the R&R. Defendants claim that the Magistrate Judge should have granted summary judgment as to Plaintiff's entire claim of excessive force, including the actions taken by McClinen and Smith after Plaintiff was handcuffed. Defendants claim that summary judgment should also be granted as to Plaintiff's claim that Smith hit him after he was restrained because (1) the alleged use of force was *de minimis* as a matter of law and, thus, cannot support an Eighth Amendment cruel and unusual punishment case, and (2) because the use of force was an isolated event and, thus, was not a "punishment" as that term is used in the Eighth Amendment. More specifically, Defendants argue that "Smith's alleged single slap of the Plaintiff was a minor use of force that does not violate the Eight Amendment's prohibition of cruel and unusual punishments." Defendants cite to *Wilkins* to support their argument that despite the fact that the new Supreme Court case makes it clear that the injury need not be significant for Plaintiff to prevail, it is still true that "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins,* 130 S.Ct. 1175. Defendants also claim that because the use of force was an isolated event by an individual prison guard it does not qualify as *punishment* under the Eighth Amendment. Defendants note that "[c]ourts in several circuits have concluded that isolated unauthorized attacks or assaults by an individual prison guard do not qualify as cruel and unusual punishments under the Eighth Amendment." Defs.' Obj. p. 4 (citing *Johnson v. Glick,*

9

481 F.2d 1028, 1032 (2nd Cir. 1973); *George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980)). Defendants conclude that because the alleged hitting of Plaintiff by Smith was an isolated event it does not constitute "punishment" for Eighth Amendment purposes.

The Court finds Defendants' objections to be without merit. Accordingly, the court adopts the R&R and fully incorporates it into this Order with respect to Plaintiff's claim of excessive force stemming from the alleged actions of Defendants Smith and McClinen after Plaintiff was handcuffed and restrained. As stated above, the core judicial inquiry in an Eighth Amendment excessive force case is whether the guards applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley,* 475 U.S. at 320-21; *see also Wilkins v. Gaddy,* 130 S.Ct. 1175 (2010). In determining whether prison officials acted maliciously and sadistically, this court must balance several factors, which are listed above. After reviewing the entire record in a light favorable to the Plaintiff and analyzing the excessive force factors, the Court agrees with the Magistrate Judge's conclusion that genuine issues of material fact exist that prevent summary judgment as to the actions of Defendants Smith and McClinen after Plaintiff was handcuffed and restrained.

Plaintiff claims that after he was handcuffed and restrained, Smith hit him "real hard" in the face while McClinen restrained him. Accepting these facts as true, the Court finds that a reasonable jury could find that the guards applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. If the Plaintiff was handcuffed and restrained, there would be no need for Smith to hit the Plaintiff across the face as Smith could not reasonably still perceive Plaintiff as a threat to the safety of the staff and other prisoners. As to Defendants' argument that the alleged hit, even if unnecessary, was a *de*

*minimus* use of force more akin to a minor push or shove than to a malicious and sadistic excessive use of force, the Court finds that there remains a question of fact as to whether Smith applied *de minimus* or excessive force. Plaintiff claims that Smith punched him "real hard" in the face; however, Defendants claim that Smith merely slapped Plaintiff. While a hard punch in the face is more likely than a slap to constitute excessive force, some courts have found that even a single slap to the face can amount to excessive force depending on the facts of the particular case. *See, e.g., Carico v. Benton, Ireland, and Stovall,* 68 Fed. App'x 632 (6th Cir. 2003). In this case, because genuine issues of material fact remain and because credibility determinations must be made, summary judgment is inappropriate as to Plaintiff's claim of excessive force stemming from Smith's and McClinen's use of force after Plaintiff was handcuffed and restrained. Additionally, the Court also finds that Defendants' argument that an isolated attack by a guard is not "punishment" under the Eighth Amendment is also without merit. While other circuits have found that an isolated and unauthorized attack is not "punishment" under the Eighth Amendment's prohibition on "cruel and unusual punishment," there is no controlling case law in this circuit dictating that conclusion. Therefore, the Court finds that summary judgment is denied as to Plaintiff's claim of excessive force and as to any supplemental state law claims for assault and battery against Smith and McClinen for their actions after Plaintiff was restrained and handcuffed.

However, the Court agrees with the Magistrate Judge that summary judgment should be granted as to Plaintiff's claim of excessive force stemming from Smith's use of mace. As stated by the Magistrate Judge, "no reasonable jury could find that Smith's use of mace was not a good faith effort to restore and maintain prison discipline but rather was used maliciously and sadistically to cause physical harm." R&R, pp. 5-6. Smith continued to spray Plaintiff with

mace as a response to Plaintiff repeatedly failing to obey orders to return to his cell door and his attempts to exit the dormitory and go outside the dorm. There is no evidence that Smith sprayed the mace for any other purpose but to restore and maintain prison discipline. Additionally, Smith is a female guard who was alone at the time she sprayed Plaintiff is a female guard. Therefore, under the circumstances, the Court finds that Smith's actions in deploying her mace against Plaintiff multiple times in an attempt to restore and maintain prison discipline was reasonable and did not constitute excessive force.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Defendants' Motion for Summary Judgment be **GRANTED** in part and **DENIED** in part, and that any other pending motions be terminated. (Docket Entries 49, 55, 73 & 79). Defendants' motion for summary judgment is granted as to Plaintiff's disciplinary claim and as to Plaintiff's excessive force claim stemming from Defendant Smith's use of mace. Therefore, Defendants McRae and Britt are dismissed from this case. However, Defendants' motion for summary judgment is denied as to Plaintiff's excessive force claim and any supplemental state law claims for assault and battery stemming from Defendants Smith's and McClinen's actions taken after Plaintiff was restrained and handcuffed.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 19, 2010**
**Charleston, SC**

NOTICE OF APPEAL
Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.