IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. SC

2011 APR -4  P 12: 03

Robert Campbell, #131941, )
                          ) C. A. No. 0:08-cv-03668-RMG
    Plaintiff,            )
                          )
vs.                       )
                          )
Jean Smith, Shamyra McRae,) ORDER
John Britt, and Mr. Sgt. McClinen, )
                          )
    Defendants.           )

This matter came before the Court upon the South Carolina Department of Corrections' ("SCDC") Motion to Quash Subpoena and for a Protective Order. (Dkt. No. 132.) SCDC seeks to quash a portion of a Rule 45 subpoena served upon it by the Plaintiff in this lawsuit and seeks a protective order, restricting the Plaintiff's use of certain documents to be produced and extending the time in which SCDC has to respond to the subpoena. Since the discovery deadline in this case was April 1, 2011, and it appears that more time is needed, the Court grants an extension of the discovery deadline to April 15, 2011.

The Court **GRANTS** SCDC's motion. (Dkt. No. 132.) The portion of the Plaintiff's subpoena seeking a "graphical representation that identifies the location of any and all cameras within the Santee Dormitory at Evans Correctional Institution, within the B-Wing of the Santee Dormitory, or within [sic] in the open area of the prison yard outside the Santee Dormitory" is **QUASHED**. However, SCDC has agreed to respond to a Deposition by Written Questions with certain questions relating to SCDC's camera policy.

In addition, the Court restricts the production of SCDC's use of force policy to be viewed only by the Plaintiff's attorneys. The Plaintiff is restricted from viewing this document, and it may only be used by the Plaintiff's attorneys in the confines of this particular lawsuit. Once this lawsuit is complete and all appeals have been exhausted, the Plaintiff's attorneys may not maintain any copies of the SCDC use of force policy. The Plaintiff's attorneys must return all copies of this document to SCDC. However, at trial, the Plaintiff's attorneys will be allowed to enter into evidence that SCDC's use of force policy allows officers to use only the minimum reasonable force necessary to gain control of the inmate or to ensure good order. Moreover, the Plaintiff's attorneys will be allowed to enter into evidence that, under SCDC's use of force policy, force is appropriate after an inmate refuses to obey lawful orders or it is not possible, based on the situation, to give a lawful order.

The Court restricts the production of the following documents to allow the Plaintiff to view them in the presence of his attorneys only: (a) the accident/incident report concerning employee Jean Smith; (b) documents concerning SCDC employees; (c) the Report on the Use of Force; (d) the Evans Correctional Master Post Roster for June 25, 2008; (e) handwritten shift logs from Evans Correctional; (f) medical records concerning Jean Smith or any other SCDC employee; and (g) answers to SCDC's Deposition by Written Questions regarding the use of video camera at Evans Correctional Facility. The Plaintiff may not be provided copies of these documents; instead, the Plaintiff may view these documents only while in the physical presence of his attorney(s), and the attorneys must retain possession of all copies of these documents rather than providing the Plaintiff with a copy. Subject to

these restrictions, the Plaintiff's attorneys may move to admit the above documents at trial, at which point the Court will make a ruling on their admissibility.

The Court also grants SCDC's request for additional time in which to respond to the Plaintiff's subpoena. The time for responding to the subpoena is extended to April 8, 2011.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

April 4, 2011
Charleston, South Carolina